IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CENTRAL VALLEY AG COOPERATIVE,

   Plaintiff,

v.

RYAN GUTHMILLER and SHAUN GUTHMILLER,

   Defendants.

8:22CV328

ORDER

This matter is before the Court on a Suggestion in Bankruptcy (Filing No. 39) and notice of automatic stay filed by defendant Shaun Guthmiller ("Shaun"). *See* 11 U.S.C. § 362. Shaun gives notice that he "filed a Petition in Bankruptcy in the United States Bankruptcy Court for the District Court of South Dakota, Bankruptcy No. 24-40095." He further states "[t]his cause was duly scheduled in" his Chapter 12 bankruptcy case (Filing No. 39-1).

As Shaun points out, his voluntary bankruptcy petition triggered an automatic stay of "the commencement or continuation" of most civil proceedings against him, including this case. 11 U.S.C. § 362(a)(1); *see also Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (explaining that filing a bankruptcy petition generally stays all proceedings against a debtor). But the automatic stay does not generally apply to the entire action. *See Hoich*, 560 F.3d at 789. Rather, it is limited to the debtor and does "not encompass non-bankrupt co-defendants." *Id.* (quoting *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). Exceptions exist but apply only in unusual circumstances. *See Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992).

In line with that authority, Nebraska General Rule 1.5(a)(1) provides in pertinent part,

> Upon the filing of a suggestion in bankruptcy, or other notification that a defendant in a civil case is a debtor in a bankruptcy case, the court issues an order staying further proceedings in the case as to the party in bankruptcy. The case may proceed as to any parties not in bankruptcy.

That rule further states that the civil case will be "referred to the bankruptcy court for further action" if any party moves for such a referral. *Id.*

At this point, none of the parties have requested a referral or otherwise responded to Shaun's suggestion in bankruptcy. On this record, the Court sees no grounds to refer this case to the bankruptcy court or to stay the claims in this action against anyone other than Shaun. Accordingly,

IT IS ORDERED:

1. Plaintiff Central Valley Ag Cooperative's action against defendant Shaun Guthmiller is stayed until further order of the Court.
2. Shaun shall promptly notify the Court of the resolution of the bankruptcy proceedings or any other order affecting the stay under 11 U.S.C. § 362(a). In the interim, he shall provide the Court with a status update on the bankruptcy proceedings every ninety days beginning on July 1, 2024.
3. Defendant Ryan Guthmiller shall have until May 13, 2024, to file an appropriate motion for stay if he believes the circumstances warrant staying any claims against him.
4. Barring further order of the Court, this action shall proceed between the remaining parties.

Dated this 25th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge